**In the Matter of Hugh V. BANTA.**

**No. 480 S 94.**

Supreme Court of Indiana.

Nov. 18, 1980.

GIVAN, Chief Justice.

Comes now the Disciplinary Commission of the Supreme Court of Indiana and Hugh V. Banta, Respondent in this case, and, pursuant to Admission and Discipline Rule 23, Section 11(d), tender to this Court a "Statement of Circumstances and Conditional Agreement for Discipline", which agreement more fully appears in words and figures as follows, to–wit:

(H.I.)

And this Court, being duly advised, now finds that the Respondent, Hugh V. Banta, who is an attorney in good standing admitted to the Bar of the State of Indiana, arranged a land sale contract between Ingram, the seller, and Larry and Monica McCoy, the buyers. Respondent had represented to the McCoys certain facts about the property, as related to him by Ingram, which representations were inaccurate and lead to a legal conflict between the two parties.

By so doing, Respondent entered into and continued multiple employment when the exercise of his independent professional judgment on behalf of one client was adversely affected by his representation of the other in violation of Disciplinary Rule 5–105(A) and (B). Respondent also violated Disciplinary Rule 7–101(A)(3) by prejudicing or damaging his client during the course of a professional relationship and Disciplinary Rule 1–102(A)(6) by engaging in conduct that adversely reflects on his fitness to practice law.

This Court finds that under the foregoing circumstances the agreed discipline, a public reprimand, is appropriate. We find further that Respondent has complied with the requirements of Admission and Discipline Rule 23, Section 17(a) by delivering to this Court the requisite affidavit.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Conditional Agreement for discipline tendered in in this cause is now accepted and approved; and, in accordance with such agreement, the Respondent, Hugh V. Banta is ordered to appear at 1:30 p. m., on December 3, 1980, at the Supreme Court Chambers, Statehouse, Indianapolis, for a public reprimand.

The Clerk of this Court shall forward a copy of this Order to the parties in this action.

Costs of this proceeding are assessed against Respondent. Prior to his appearance, Respondent shall pay to the Clerk of this Court the costs of these proceedings.

All Justices concur.